```
———— FILED      ———— ENTERED
———— LODGED    ———— RECEIVED
```

Judge Thomas S. Zilly

**AUG 23 2016**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY
                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER MIHAILOVSKI,<br><br>Defendant. | NO. CR12-0251TSZ<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Norman M. Barbosa and Francis Franze-Nakamura, Assistant United States Attorneys for said district, and Defendant, ALEXANDER MIHAILOVSKI, and his attorneys, Jennifer E. Wellman and Mohammad Ali Hamoudi, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A)&(B):

1.      **The Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

        a.      Conspiracy to Commit Wire Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1349;

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 1

By entering these plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offense**.  The elements of the offense to which Defendant is pleading guilty are as follows:

a.    The elements of the offense of Conspiracy to Commit Wire Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1349, are as follows:

First, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment, to wit: Wire Fraud, in violation of Title 18, United States Code, Section 1343; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The elements of the offense of wire fraud are:

First, a member of the conspiracy knowingly devised or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, a member of the conspiracy acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, a member of the conspiracy transmitted, or caused to be transmitted by wire communication in interstate commerce, writings, signs, or signals to carry out or attempt to carry out an essential part of the scheme.

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2   3.   **The Penalties**.  Defendant understands that the statutory penalties

3   applicable to the offense to which he is pleading guilty are as follows:

4   a.   Count 1 (Conspiracy to Commit Wire Fraud):  A maximum term of

5   imprisonment of up to twenty (20) years, a fine of up to Two Hundred Fifty Thousand

6   Dollars ($250,000.00), a period of supervision following release from prison of up to five

7   (5) years, and a mandatory special assessment of One Hundred Dollars ($100.00).

8   Defendant agrees that the special assessment shall be paid at or before the time of

9   sentencing.

10   Defendant understands that supervised release is a period of time following

11   imprisonment during which he will be subject to certain restrictive conditions and

12   requirements.  Defendant further understands that if supervised release is imposed and he

13   violates one or more of the conditions or requirements, Defendant could be returned to

14   prison for all or part of the term of supervised release that was originally imposed.  This

15   could result in Defendant's serving a total term of imprisonment greater than the statutory

16   maximum stated above.

17   Defendant understands that as a part of any sentence, in addition to any term of

18   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

19   restitution to any victim of the offense, as required by law.

20   Defendant agrees that any monetary penalty the Court imposes, including the

21   special assessment, fine, costs, or restitution, is due and payable immediately and further

22   agrees to submit a completed Financial Statement of Debtor form as requested by the

23   United States Attorney's Office.

24   4.   **Rights Waived by Pleading Guilty.**  Defendant understands that by

25   pleading guilty, he knowingly and voluntarily waives the following rights:

26   a.   The right to plead not guilty and to persist in a plea of not guilty;

27   b.   The right to a speedy and public trial before a jury of his peers;

28

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 3

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on his behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Immigration Consequences**.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, including the offenses to which Defendant is pleading guilty, and some offense make removal from the United States is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty pleas may entail, even if the consequence is his mandatory removal from the United States.

6. **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Forfeiture**.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any property, real

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2 | or personal, which constitutes or is derived from proceeds traceable to Count 1, whether in

3 | possession or control of the defendant or the defendant's nominees, and whether located

4 | within or outside the United States.   The parties agree that the property to be forfeited

5 | includes, but is not limited to, a money judgment in an amount representing the proceeds

6 | generated by the charged conspiracy.  The parties reserve the right to present evidence

7 | and argumentation to the Court at the time of sentencing regarding the appropriate

8 | amount of that money judgment.  The United States further reserves the right to seek

9 | forfeiture of additional assets in a separate civil action.

10 |     Defendant agrees to provide a truthful proffer statement regarding all of

11 | Defendant's assets and to make a full and complete disclosure of all assets in which

12 | Defendant has any interest or over which Defendant exercises any control and any assets

13 | which are held or controlled by a nominee.

14 |     Defendant agrees to hold the United States, its agents and employees harmless

15 | from any claims whatsoever in connection with the seizure or forfeiture of property

16 | covered by this agreement.  Defendant agrees to waive all interest in any such assets in

17 | any administrative or judicial forfeiture proceeding, whether criminal or civil.  The

18 | defendant knowingly and voluntarily agrees to waive any claim or defense under the

19 | Eighth Amendment to the U.S. Constitution as to this criminal forfeiture or any

20 | subsequent civil forfeiture of the directly forfeitable property, including any claim that

21 | said action constitutes an excessive fine or penalty.  The defendant also knowingly and

22 | voluntarily agrees to waive any defense or argument that he might have under the rule of

23 | specialty doctrine.

24 |     Defendant agrees that the forfeiture provisions of this plea agreement are intended

25 | to, and will, survive him, notwithstanding the abatement of any underlying criminal

26 | conviction after the execution of this agreement.  The forfeitability of any particular

27 | property pursuant to this agreement shall be determined as if Defendant had survived, and

28

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 5

that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

8.    **Abandonment.**  Defendant agrees to abandon any interest in the data or devices that were seized by domestic and international law enforcement in connection with this case.

9.    **Statement of Facts.**  The parties agree on the following facts.  Defendant admits he is guilty of the charged offense:

a.    Beginning at a date uncertain, but no later than in or around 2006, and continuing until on or about June 21, 2011, within the Western District of Washington and elsewhere, a group of foreign nationals did knowingly and willfully agree to carry out a scheme and artifice to defraud victims in the United States and across the world into purchasing fraudulent computer software in a manner that knowingly utilized international and interstate wire communications.

b.    The scheme tricked thousands of victims into believing that their computers were infected with malicious software and induced the victims to purchase purported computer security software to eliminate the infection.  The purported computer security software was itself malware that was uploaded onto the victims' computers, did not perform a legitimate function, and caused the victims' computers to become further compromised.  By no later than December 11, 2008, ALEXANDER MIHAILOVSKI was aware that the purpose of the scheme was to sell fraudulent computer security software that did not serve a legitimate function and that victims were forced to buy the product through misleading and aggressive marketing.  ALEXANDER MIHAILOVSKI also was aware or at least willfully blind to the fact that the fraudulent product operated as malware and further compromised the victims' computers.

c.    By no later than December 11, 2008, ALEXANDER MIHAILOVSKI joined the scheme by agreeing to establish and operate the credit card payment processing services for the scheme.  When the victims were tricked into purchasing the fraudulent security software, they would be required to make a credit card

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

payment via the Internet.  Defendant knew that the ability to pay by credit card gave the scheme an appearance of legitimacy.  Defendant set up credit card processing accounts and bank accounts associated with shell companies operated by the scheme for the purpose of processing credit card payments from victims.  Defendant's credit card processing mechanisms collected personally identifiable information from the victims including names, addresses, credit card numbers and other data for purposes of processing credit card payments in furtherance of the scheme.

   d.  As part of the scheme, ALEXANDER MIHAILOVSKI used the alias "Dimitry Ivankov," and held himself out as the account director of a company called PSBill (also known as Mystique Enterprises, LTD).  Defendant used the email accounts "account@psbill.com" and "account@failsafepayments.com," in addition to the Jabber account "PSBill (439254299)."  ALEXANDER MIHAILOVSKI was a co-owner of both PSBill and Failsafe Payments, and used these companies to facilitate the scheme.

   e.  The payment processing mechanisms that defendant ALEXANDER MIHAILOVSKI established for the purpose of facilitating the scheme processed approximately \$17,747,418.49 ~~million~~ worth of United States currency in credit card payments.  At least 7,300 people in Washington State were victims of Defendant's fraud scheme.  Among these victims were thousands of victims in the Western District of Washington who made payments processed by the defendant's payment processing mechanisms and who had malicious code uploaded onto their computers.

   The parties further agree that the Court may consider for the purpose of sentencing additional facts contained in the Presentence Report subject to objections by the parties, as well as any facts presented by either party at sentencing.

   10. **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the

history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.     The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.     Defendant may not withdraw his guilty pleas solely because of the sentence imposed by the Court.

11.     **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.     The appropriate version of the United States Sentencing Guidelines Manual is the 2015 version.

b.     The appropriate section of the United States Sentencing Guidelines is Section 2B1.1, which specifies a base offense level of 7;

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2          c.    The base offense level should be increased by 20 levels because the

3    loss amount was more than $9,500,000.00, but less than $25,000,000.00 pursuant to

4    Section 2B1.1(b)(1)(K);

5          d.    The base offense level should be increased by 2 levels because the

6    offense involved more than ten (10) victims and was committed through mass marketing

7    pursuant to Section 2B1.1(b)(2)(A);

8          e.    The base offense level should be increased by 2 levels because a

9    substantial part of the fraudulent scheme was committed from outside the United States

10   and the offense otherwise involved sophisticated means and the defendant intentionally

11   engaged in or caused the conduct constituting sophisticated means, pursuant to Section

12   2B1.1(b)(10)(B) and (C);

13         The parties agree they are free to present arguments regarding the applicability of

14   all other provisions of the United States Sentencing Guidelines.  Defendant understands,

15   however, that at the time of sentencing, the Court is free to reject these stipulated

16   adjustments, and is further free to apply additional downward or upward adjustments in

17   determining Defendant's Sentencing Guidelines range.

18         12.   **Acceptance of Responsibility.**  The United States acknowledges that if

19   Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG §

20   3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should

21   be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because he has

22   assisted the United States by timely notifying the authorities of Defendant's intention to

23   plead guilty, thereby permitting the United States to avoid preparing for trial and

24   permitting the Court to allocate its resources efficiently.  Defendant acknowledges that

25   failure to comply with any of the terms of this plea agreement, including, but not limited

26   to, the forfeiture provisions in paragraph eight (8) of this plea agreement will disqualify

27   him from receiving credit for acceptance of responsibility.

28         13.   **Sentencing Recommendation.**  The United States agrees to recommend no

more than seventy-six (76) months of imprisonment.  The parties are free to recommend

1

2   any conditions of supervised release the parties deem appropriate and defendant

3   acknowledges that the United States may also recommend a fine.

4            Defendant understands that this recommendation is not binding on the Court and

5   the Court may reject the recommendations of the parties and may impose any term of

6   imprisonment up to the statutory maximum penalty authorized by law.  Defendant further

7   understands that he cannot withdraw his guilty pleas simply because of the sentence

8   imposed by the district court.

9            14.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

10  the United States Attorney's Office for the Western District of Washington agrees to

11  dismiss the remaining count of the Indictment at the time of sentencing and not to

12  prosecute Defendant for any additional offenses known to it as of the time of this

13  Agreement that are based upon evidence in its possession at this time, and that arise out

14  of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the

15  United States has agreed not to prosecute all of the criminal charges the evidence

16  establishes were committed by Defendant solely because of the promises made by

17  Defendant in this Agreement.  Defendant agrees, however, that for purposes of preparing

18  the Presentence Report, the United States Attorney's Office will provide the United

19  States Probation Office with evidence of all conduct committed by Defendant.

20           Defendant agrees that any charges to be dismissed before or at the time of

21  sentencing were substantially justified in light of the evidence available to the United

22  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

23  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

24  (1997).

25           15.     **Breach, Waiver, and Post-Plea Conduct**.  Defendant agrees that if

26  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

27  Agreement and Defendant may be prosecuted for all offenses for which the United States

28  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

    nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 10

Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty pleas required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court.  Defendant further agrees that, provided the court imposes a custodial sentence that is at or below seventy-six (76) months, Defendant waives to the full extent of the law:

a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

18. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, if Defendant has breached any of the terms of this Plea Agreement, or if any party withdraws from the Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to the later of: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) the date any party is permitted to withdraw from the Plea Agreement.

//

//

PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19.     **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this _23rd_ day of August, 2016.


_____
ALEXANDER MIHAILOVSKI
Defendant


_____
JENNIFER E. WELLMAN
Attorney for Defendant


_____
MOHAMMAD ALI HAMOUDI
Attorney for Defendant


_____
NORMAN M. BARBOSA
FRANCIS FRANZE-NAKAMURA
Assistant United States Attorneys
Western District of Washington


PLEA AGREEMENT/Mihailovski
CR12-0271TSZ - Page 13